UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN TAYLOR,

          Plaintiff,

    v.

MR. COOPER, et al.,

          Defendants.

Case No. 25-cv-08680-AMO

**ORDER GRANTING MOTION TO DISMISS**

Re: Dkt. No. 5

Before the Court is Defendant Nationstar Mortgage LLC d/b/a Mr. Cooper[1] and Defendant U.S. Bank National Association as Trustee for Harborview Mortgage Loan Trust 2005-10, Mortgage Loan Pass-Through Certificates, Series 2005-10's (collectively "Defendants") motion to dismiss.  The matter is fully briefed and suitable for decision without oral argument.  Accordingly, the hearing set for February 12, 2026, is **VACATED**.  *See* Civil L.R. 7-6, Fed. R. Civ. Pro. 78(b). Having read the parties' papers and carefully considered the arguments therein and relevant legal authority, and good cause appearing, the Court **GRANTS** the motion to dismiss for the following reasons.

**BACKGROUND**

Plaintiff John Taylor filed suit against Defendants on July 9, 2025, in Sonoma County Superior Court.  Dkt. No. 1-4.  The complaint brings four causes of action stemming from a foreclosure sale of Taylor's home.  *Id.* ¶¶ 2, 13-16.  On October 9, 2025, Defendants removed to this Court.  Dkt. No. 1.  On October 15, 2025, Defendants filed a motion to dismiss, arguing that Taylor failed to properly serve Defendants.  Dkt. No. 5.  Taylor failed to file anything in response.

---

[1] Nationstar Mortgage LLC d/b/a Mr. Cooper was erroneously sued as MR COOPER.  Dkt. No. 5 at 2.

United States District Court
Northern District of California

On December 10, 2025, the Court issued an order to show cause for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Dkt. No. 14.  On December 18, 2025, Taylor filed an opposition to the motion to dismiss, Dkt. No. 15, and a response to the order to show cause, Dkt. No. 16.  On December 22, 2025, Defendants filed a reply in support of their motion to dismiss. Dkt. No. 18.

**LEGAL STANDARD**

Dismissal of a case is proper when there is insufficient service of process.  *See* Fed. R. Civ. P. 12(b)(5); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant."); *Saye v. Rubin*, 225 F.3d 663 (9th Cir. 2000) (affirming dismissal for failure to properly serve defendants pursuant to Fed. R. Civ. P. 12(b)(5)).  "[I]n the absence of proper service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process."  *S.E.C. v. Ross*, 504 F.3d 1130, 1138-39 (9th Cir. 2007).  "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under [Federal] Rule [of Civil Procedure] 4."  *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).  A district court has broad discretion to dismiss an action for failure to effect service. *Jones v. Automobile Club of Southern California*, 26 Fed. App'x. 740, 742 (9th Cir. 2002).

**DISCUSSION**

Defendants argue that they were not properly served because they received an incomplete summons, which lacked a case number, and was not signed or dated by the Sonoma County Court Clerk.  Dkt. No. 5 at 5.  Taylor's opposition to the motion to dismiss does not discuss service whatsoever.  *See* Dkt. No. 15.  Because Taylor does not explain why service was proper, Taylor has failed to carry his burden of establishing that he properly served Defendants.  *See Brockmeyer*, 383 F.3d at 801.  Further, because Taylor did not respond to Defendants' argument that the case should be dismissed for failure to properly serve, he has conceded that the case should be dismissed on that ground.  *Khalif v. City of Belvedere*, No. 4:22-CV-04097-YGR, 2023 WL 4143266, at *3 (N.D. Cal. May 31, 2023) ("Failure to address an argument raised in a motion is

United States District Court
Northern District of California

generally understood as a concession."); *Jones v. Ghaly*, No. 21-CV-05828-JSW, 2022 WL 1128680, at *2 (N.D. Cal. Apr. 15, 2022) (failing to address defendants' arguments for dismissal is "a concession that those claims should be dismissed").

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion and dismisses this action without prejudice.  The Court directs the Clerk of Court to close this case.

**IT IS SO ORDERED.**

Dated: February 5, 2026

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

United States District Court
Northern District of California

3